DÍAZ ET AL., PLAINTIFFS AND APPELLANTS, *v.* PLAZUELA SUGAR COMPANY, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Arecibo in an Action of Denial of a Servitude.

No. 2554.—Decided July 18, 1922.

COMMUNITY PROPERTY — CO-OWNERS — SERVITUDE. — A co-owner can construct a railroad track on the property held in common, provided it does not injure the interests of the common ownership, nor prevent the co-participants from utilizing the property according to their rights, and the other co-owners can

not prevent him from doing so without showing such injury; especially in a case like this in which the servitude was consented to by the lessee of the property, who had a lease for years.

The facts are stated in the opinion.

*Mr. L. Llorens Torres* for the appellants.

*Mr. J. Martínez Dávila* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Four brothers, Luis, José, Adriano and Oscar Díaz Llenza, brought this suit against the Plazuela Sugar Company to put an end to an alleged servitude, consisting of tracks laid on land said to belong to the complainants and on which track trains are running. The farm Higuerito is the land in question. The court found for the defendant and the complainants appeal.

At the trial it developed that the Plazuela Sugar Company is the full owner of shares belonging to other brothers and sisters of the succession Díaz Llenza and the appellee maintained, and the court so held, that any tenant in common has an equal right to use the land. Appellants say that the right of Plazuela Sugar Company is inchoate as the land has never been divided among the succession Díaz Llenza. But the complainant's right to bring this action rests likewise on four undivided shares. In the complaint they estimate that each of the four is entitled to about ten acres and the evidence shows that the Plazuela Sugar Company would be entitled to a very sizable part of the estate. It is a case of *allegans contraria non est audiendus.* If the Plazuela Sugar Company has no right in the farm Higuerito, because it has been adjudicated to no specific portion, neither have the complainants.

The question then presents itself, can a tenant in common put tracks on a piece of land without the consent of his co-owners? Section 401 of the Civil Code provides:

"Section 401.—Each participant may use the things held in common, provided he uses them in accordance with the purpose

for which they are intended and in such a way as not to injure the interests of the common ownership, nor prevent the co-participants from utilizing them according to their rights.''

A co-tenant may build a house on land held in common or *prima facie* do anything that all may have done, provided that all may have access to the house. Cases will arise where the other co-tenants may prevent an undue use of the land by a single co-tenant. Then, however, it is necessary to allege and prove as indicated in section 401, *supra,* that the use of the land by such co-tenant in some way injures the land or interferes with the rights of the other co-tenants. No such showing was made. The theory of the complaint was that the Plazuela Sugar Company was acting without authority from anyone. It was for this reason, we apprehend, that the court found that no injury had been shown. The appellant maintained that it was unnecessary to show such injury.

Not only did the Plazuela Sugar Company own several shares in the estate of Díaz Llenza, but the firm of Díaz & Balseiro is the lessee in the farm Higuerito of all the shares belonging to the complainants. The court below found that the tracks had been laid for the benefit of the said tenants. The appellants insist that the tracks are solely in benefit of the Plazuela Sugar Company and its farmers and were placed on the land before the lease to Giorgetti & Balseiro was made. Although there was evidence to support the conclusion of the court, we shall not stop to analyze the proof in this regard because we are entirely agreed with the court below that a tenant for years may permit tracks to be laid on a piece of land or allow them to stay there if placed on the land before the beginning of the tenancy. See *Loíza Sugar Co.* v. *Calderón,* 30 P. R. R. 285. Balseiro & Giorgetti are not parties to the suit and it appearing clearly that they are in possession of the land as lessees, in the absence of a showing of prejudice to the reversion the right of action to have these tracks removed would belong to the

tenants. In no way is it shown that the land is being injured and it is a fair presumption from the record that Balseiro & Giorgetti are not objecting to the continuance of the tracks.

The judgment must be

*Affirmed.*

Justices Aldrey, Hutchison and Franco Soto concurred. Mr. Chief Justice Del Toro concurred in the judgment.